# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1170

UNITED STATES OF AMERICA

v.

TERRY BONNER,
Appellant

_____

Appeal from the U.S. District Court, W.D. Pa.
Judge W. Scott Hardy, No. 2:23-cr-00236

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 30, 2026; Decided Feb. 4, 2026
_____

NONPRECEDENTIAL OPINION[*]

PORTER, *Circuit Judge*. Terry Bonner pleaded guilty to failure to register as a sex offender. The District Court sentenced him to 36 months in prison followed by 5 years of supervised release. On appeal, Bonner challenges his sentence as substantively unreasonable. For the following reasons, we will AFFIRM.

I

In 2016, Bonner pleaded guilty in Alabama to sexual abuse in the first degree. *See* Ala. Code § 13A-6-66 (sexual contact by "forcible compulsion" or with an "incapacitated" person). He was sentenced to five years in prison and three years of supervised release, but on

---

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

the same day of sentencing he was released to probation. Under the federal Sex Offender Registration and Notification Act ("SORNA") and Alabama law, that conviction required him to register as a sex offender. *See* 34 U.S.C. § 20913(a); Ala. Code § 15-20A-1 *et seq.*

Between 2016 and 2020, Bonner was convicted three times in Alabama for failure to register as a sex offender. While each of these offenses resulted in substantial sentences—five, fifteen, and fifteen years' imprisonment, respectively—records are incomplete or unclear as to whether Bonner actually served meaningful time. Beyond those, Bonner collected many other Alabama convictions: theft, resisting arrest, escape (twice), harassment, distribution of imitation controlled substance, and burglary. Likewise, none of these convictions apparently resulted in significant served prison time.

In 2023, Bonner assaulted his girlfriend in Pennsylvania, resulting in convictions for burglary and simple assault. He was sentenced to 11.5–23 months in state prison. Subsequent investigation uncovered that Bonner had resided in Pennsylvania from December 2022 through April 2023 without registering as a sex offender with local law enforcement. Accordingly, Bonner was charged with failure to register as a sex offender as required by the SORNA, in violation of 18 U.S.C. §§ 2250(a)(1), (a)(2)(B), and (a)(3). He pleaded guilty.

At sentencing, Bonner's calculated Guidelines range was 27–33 months' imprisonment, resulting from an offense level of 12 and a criminal history category of V. The government requested an upward variance of 37 months' imprisonment. It justified its request by Bonner's substantial criminal history (including three prior convictions for failure to register), potential for recidivism, and an understated Guidelines range calculation.

Bonner, for his part, requested a downward variance of 18 months' imprisonment. In support, Bonner highlighted mitigating circumstances including his mental-health challenges, history of substance abuse, and difficult upbringing in the foster-care system. Bonner further contended that an 18-month sentence would provide adequate deterrence given that he had not previously served such a lengthy sentence. The District Court ultimately sentenced Bonner to 36 months' imprisonment, to be followed by the statutory minimum of 5 years' supervised release. Bonner timely appealed.

## II[1]

Bonner challenges the District Court's imposition of his sentence of 36 months' imprisonment on substantive reasonableness grounds. In particular, he argues that the District Court "did not give adequate weight" to his "history and characteristics and his rehabilitative needs," and instead gave "undue weight" to "his criminal history." Appellant's Br. 12.

On review of a sentence's substantive reasonableness, we consider "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Our review is "highly deferential," *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007), and "reasonableness is a range, not a point," *United States v. Kluger*, 722 F.3d 549, 567 (3d Cir. 2013) (citation omitted). Thus, we will affirm a sentence "unless no reasonable

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Bonner preserved his substantive reasonableness challenge by arguing for a lower sentence before the District Court. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173–175 (2020).

sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. While courts may "presume that a sentence within the advisory Guidelines is reasonable," *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014), they may not "presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range." *Tomko*, 562 F.3d at 567.

Bonner's sentence of 36 months' imprisonment—reflecting an upward variance of 3 months above the advisory Guidelines range—was not substantively unreasonable. This is Bonner's fourth conviction for failure to register or update a registration as a sex offender. Bonner's repeated failure to comply with this straightforward requirement demonstrates a lack of respect for the law and a need for increased deterrence. That conclusion is bolstered by Bonner's list of other criminal convictions: theft, resisting arrest, sexual assault, escape (twice), harassment, distribution of imitation controlled substance, burglary (twice), and simple assault. Yet Bonner appears to have served only a fraction of his decades' worth of prison sentences. Past leniency has apparently done little to dissuade Bonner from recidivism.

More weight, Bonner urges, should have been placed on his "background and upbringing" which was "marked by exposure to violence and instability" as he was "shuttled from home to home in the foster system." Appellant's Br. 13–14. To start, the record is not so lopsided: While Bonner indeed faced troubling experiences, he also benefited from a longer period of stability while with a foster family that cared for him until age 15. Plus, Bonner failed to articulate any logical link between his difficult background and his repeated fail-

4

ure to register or update his registration as a sex offender. In any event, the District Court explicitly considered Bonner's background. And while the District Court may have accorded Bonner's background less weight than he urged, that does not render the sentence unreasonable. *See United States v. Young*, 634 F.3d 233, 243 (3d Cir. 2011), *overruled on other grounds by*, *Esteras v. United States*, 606 U.S. 185, 190 (2025).

Next, Bonner charges the District Court with improperly emphasizing his lack of genuine remorse and failure to avail himself of post-offense rehabilitation. The District Court briefly considered the absence of any "showing of genuine remorse" or "post-offense rehabilitation efforts," Supp. App. at 23, but that was hardly improper. Sentencing courts routinely consider a defendant's showing of remorse or rehabilitation—or lack thereof. *See United States v. Pawlowski*, 27 F.4th 897, 912 n.8 (3d Cir. 2022); *United States v. Rosenberg*, 806 F.2d 1169, 1179 (3d Cir. 1986).

Nor was the District Court wrong to reject Bonner's suggestion that his requested 18-month sentence would "serve as adequate deterrent," given that Bonner had not previously served a sentence so lengthy. Appellant's Br. 14. As the government notes, this argument cuts the other way: The leniency Bonner received in serving his previous sentences, coupled with his persistent recidivism, supports imposition of a higher sentence.

In sum, the District Court had ample reason to conclude that an upward variance of three months was necessary to deter Bonner, protect the public, and restore respect for the law. Bonner's recidivist criminal history was a significant concern, but it did not receive undue weight at the exclusion of other factors. Even if another court might have disagreed, the District Court's selected 36-month sentence was well "within the broad range of pos-

sible sentences that can be considered reasonable." *United States v. Valentin*, 118 F.4th 579, 591 (3d Cir. 2024) (citation omitted).

*   *   *

For the forgoing reasons, we will AFFIRM the District Court.